## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **NICOLE KORDIE**, on behalf of herself and others similarly situated, | : : : | |
| Plaintiff, | : : | CASE NO. 2:21-cv-3791 |
| v. | : : | JUDGE |
| **OHIO LIVING**, 9200 Worthington Road, Suite 300 Westerville, Ohio 43082 | : : : : | MAGISTRATE JUDGE |
| -and- | : : | |
| **OHIO LIVING COMMUNITIES**, 9200 Worthington Road, Suite 300 Westerville, Ohio 43082 | : : : : : | |
| Defendants. | | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Named Plaintiff Nicole Kordie ("Named Plaintiff" or "Plaintiff Kordie"), individually and on behalf of others similarly situated, files her Complaint against Defendants Ohio Living ("Defendant OL") and Ohio Living Communities ("Defendant OLC") (collectively referred to as "Defendants") for their failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; O.R.C. §§ 4111.03 ("the Ohio Wage Act"); Ohio Constitution Article II, § 34a ("the Ohio Constitution"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act, Ohio Constitution, and the OPPA will be referred to collectively as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are

based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.    **JURISDICTION AND VENUE**

1.    This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2.    This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.    Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio, and Defendants' principal place of business is located in the Southern District of Ohio at 9200 Worthington Road, Suite 300, Westerville, Ohio 43082.

## II.    **PARTIES**

### A.    **Named Plaintiff**

4.    Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5.    Named Plaintiff was employed by Defendants beginning in or around December of 2020 until May of 2021.

6.    Named Plaintiff was employed as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts. Specifically, Named Plaintiff was employed by

Defendants as an hourly resident aide. During her employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

7. During Named Plaintiff's employment with Defendants, Defendants did not include all additional remuneration, such as non-discretionary bonuses, in Named Plaintiff's regular rate of pay for purposes of calculating overtime. As a result, Named Plaintiff was not fully and properly paid overtime wages in violation of the FLSA and the Ohio Acts.

8. Further, Defendants took unlawful deductions from Named Plaintiff's pay, which resulted in Named Plaintiff not being paid minimum wage and/or overtime for all hours worked.

9. Likewise, Defendants applied the aforementioned pay practices and/or policies to other similarly situated employees. These similarly situated employees worked forty (40) or more hours in given workweeks, and these practices and/or policies resulted in these similarly situated employees not being fully and properly paid overtime wages and the minimum wage in violation of the FLSA and the Ohio Acts.

10. Named Plaintiff brings this action on behalf of herself and those similarly situated employees and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.

**B.** **Defendants**

Defendant Ohio Living

11. Defendant OL is a corporation for non-profit that operates and conducts substantial business activities throughout Ohio, including in the Southern District of Ohio.

12.     Defendant OL is one of the nation's largest not-for-profit, multi-site aging services organization, operating twelve (12) life plan communities throughout the State of Ohio.[1]

13.     Upon information and belief, Defendant OL has registered numerous other entities to manage and operate its business activities, and all of these entities, including Defendant OL and Defendant OLC, maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

Defendant Ohio Living Communities

14.     Defendant OLC is a corporation for non-profit that operates and conducts substantial business activities throughout Ohio, including the Southern District of Ohio.

15.     Defendant OLC is owned and operated by Defendant OL.

16.     Defendant OLC provides housing, assisted living, rehabilitation, and long-term care for its customers.

17.     Defendants employed Named Plaintiff and other similarly situated employees at their facilities; specifically, Defendants employed Named Plaintiff at their Ohio Living Dorothy Love facility in Sidney, Ohio.

18.     Defendants have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrate enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

---

[1] *See About Us*, OHIO LIVING, https://www.ohioliving.org/about (last viewed on June 23, 2021).

19.     Because the work performed by Named Plaintiff and all other hourly employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

20.     Defendants have substantial control over Named Plaintiff and similarly situated employees' working conditions and over the unlawful policies and practices alleged herein.

21.     Defendants directly or indirectly controls the terms and conditions of Named Plaintiff's work and the work of similarly situated employees.

22.     Defendants maintained control, oversight, and direction over Named Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

23.     Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at all of their locations and under all of their entities, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, timekeeping, and meal deductions.

24.     Defendants are an "employer" of Named Plaintiff and similarly situated employees as that term is defined by the FLSA.

25.     Defendants have gross revenue that exceeds $500,000.00 per year.

26.     At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

III. **FACTS**

    A. **Regular Rate**

    27.    Named Plaintiff and Defendants' other hourly healthcare employees are non-exempt employees who are entitled to overtime.

    28.    Defendants paid Named Plaintiff and other similarly situated healthcare employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

    29.    In addition to the Base Hourly Wage, Defendants pay their healthcare employees with additional forms of remuneration that should be included in the calculation of employees' regular rate of pay for overtime compensation. These additional forms of remuneration include, but are not limited to, nondiscretionary bonuses for working extra hours or shifts for which the employee was not scheduled to work, nondiscretionary safety bonuses, and nondiscretionary "appreciation pay" bonuses (hereinafter nondiscretionary bonuses will collectively be referred to as "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b), 778.211(c).

    30.    Regarding the nondiscretionary bonuses for working extra shifts, Named Plaintiff and other similarly situated employees were contacted and promised that if they picked up shifts or hours that they were not previously scheduled to work, then they would receive a bonus payment in an already predetermined amount to induce them to work the extra hours and/or shifts. Shift pickup bonuses are required to be included in Defendants' employees' regular rate of pay calculation according to the United States Department of Labor.[2]

    31.    During the last three (3) years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and

---

[2] *See Fact Sheet #54 – The Health Care Industry and Calculating Overtime Pay*, U.S. DEP'T OF LABOR, https://www.dol.gov/whd/regs/compliance/whdfs54.pdf (last visited June 23, 2021) (see ***Example: Supplementary Shift Bonus*** Section).

Additional Remuneration, such as that which is described above, in various workweeks when they worked in excess of forty (40) hours.

32.     When Defendants paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendants failed to properly calculate their employees' regular rates of pay for purposes of overtime pay because Defendants did not include Additional Remuneration in the regular rate calculations. Consequently, Defendants failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the requirements of the FLSA.

**B.     Unlawful Deductions**

33.     Named Plaintiff and other similarly situated employees received paid training from Defendants. Specifically, Named Plaintiff received State Tested Nursing Assistant ("STNA") training during the course of her employment.

34.     After Named Plaintiff's employment ended with Defendants, Defendants deducted 100% of Named Plaintiff's net pay as a "Miscellaneous" deduction to reimburse Defendants for Named Plaintiff's STNA training.

35.     This illegal deduction resulted in Named Plaintiff receiving $0.00 of net pay that pay period despite Named Plaintiff working 45.30 regular hours and 3.83 hours of overtime in that same pay period.

36.     Thus, Defendants' illegal deductions resulted in Named Plaintiff earning less than minimum wage for all hours worked in that workweek as well as Named Plaintiff not receiving one-and-one-half times her regular rate of pay for all hours worked over forty (40) in a workweek.

37. Upon information and belief, Named Plaintiff states that Defendants' aforementioned training deduction policy and/or practice is applied to all similarly situated healthcare employees who receive training.

38. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

39. During relevant times, Defendants had knowledge of and acted willfully regarding its conduct described herein.

40. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages or they otherwise failed to maintain such documents and information.

41. For the (3) three years preceding the filing of the Complaint, Defendants applied the same pay policies and practices to all hourly, non-exempt healthcare employees, including Named Plaintiff, at all of their locations.

42. Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and/or practices described herein.

43. Defendants knew or should have been aware that Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their regular rate of pay, as that phrase is defined under the FLSA, but Defendants willfully elected not to fully compensate their employees during all times relevant.

44.     Further, Defendants knew or should have been aware that Named Plaintiff and other similarly situated employees had illegal deductions taken from their pay, which resulted in them earning less than minimum wage or not being paid all overtime earned for all hours worked in certain workweeks, but Defendants willfully elected not to fully pay minimum wage to their employees in certain workweeks during all times relevant.

## IV.   FLSA COLLECTIVE ALLEGATIONS

### A.   <u>Overtime Collective</u>

45.     Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> **All current and former hourly healthcare employees who: (1) received additional renumeration; or (2) had deductions applied in workweeks that they worked more than forty (40) hours during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Overtime Collective" or "FLSA Overtime Collective Members").**

46.     Named Plaintiff and putative FLSA Overtime Collective Members were all subject to the same policies or practices described above, which resulted in unpaid overtime.

47.     During the last three (3) years, Defendants have not fully and properly paid Named Plaintiff and Defendants' other hourly healthcare employees at one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a workweek as a result of Defendants' failure to include all renumeration in calculating their regular rates of pay.

### B.    Minimum Wage Collective

48.    Named Plaintiff brings her FLSA minimum wage claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> **All current and former hourly healthcare employees who had deductions applied to their pay during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Minimum Wage Collective" or "FLSA Minimum Wage Collective Members").**

49.    Named Plaintiff and putative FLSA Minimum Wage Collective Members were all subject to the same policies or practices described above which resulted in them not earning at least minimum wage for all hours worked.

50.    During the last three (3) years, Defendants have not paid Named Plaintiff and Defendants' other hourly employees at least minimum wage for all hours worked. In particular, Defendants took unlawful deductions from Named Plaintiff's and Defendants' other hourly healthcare employees that resulted in employees earning less than minimum wage for all hours worked in certain workweeks.

## V.    RULE 23 CLASS ALLEGATIONS

51.    The Named Plaintiff brings her Ohio Wage Act claims pursuant to Rule 23 as a class action on behalf of herself and all other members of the following subclasses:

> **All current and former Ohio hourly healthcare employees who: (1) received additional renumeration; or (2) had deductions applied in workweeks that they worked more than forty (40) hours during the two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Overtime Subclass" or "Ohio Rule 23 Overtime Subclass Members"); and**

**All current and former hourly healthcare employees who had deductions applied to their pay during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Minimum Wage Subclass" or "Ohio Rule 23 Minimum Wage Subclass Members") (collectively the Ohio Rule 23 Overtime Subclass and Ohio Rule 23 Minimum Wage Subclass will be referred to as the "Ohio Rule 23 Class").**

52.     The Ohio Rule 23 Class includes all current or former hourly, non-exempt healthcare employees employed by Defendants throughout the State of Ohio as defined above.

53.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

54.     Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid overtime and minimum wages are typical of the claims of other members of the Ohio Rule 23 Class.

55.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

56.     Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that they have undertaken to represent.

57.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

58.     Questions of law and fact are common to the Ohio Rule 23 Class.

59.     Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

60.     Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

61.     Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

62.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class overtime wages for hours worked in excess of forty (40) hours per week; (b) whether Defendants violated the Ohio Constitution by failing to pay the Ohio Rule 23 Class minimum wage for all hours worked; (c) whether Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (d) whether Defendants calculated the Ohio Rule 23 Class's overtime rate of pay as required by the statute; (e) whether Defendants' violations of the Ohio law were knowing and willful; (f) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio law; and (g) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

63.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending

Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

64.  All of the preceding paragraphs are realleged as if fully rewritten herein.

65.  This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Overtime Collective.

66.  The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

67.  During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Overtime Collective Members.

68.  Named Plaintiff and the FLSA Overtime Collective Members regularly worked in excess of forty (40) hours in workweeks.

69.  Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Overtime Collective by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek because Defendants did not include all additional remuneration in their regular rate of pay calculations for the purposes of overtime.

70.     Defendants also violated the FLSA with respect to Named Plaintiff and the FLSA Overtime Collective by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek because Defendants applied deductions in workweeks that they performed overtime work.

71.     Named Plaintiff and the FLSA Overtime Collective Members were not exempt from receiving FLSA overtime benefits.

72.     Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Overtime Collective Members are entitled.

73.     The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiff and the FLSA Overtime Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

74.     As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Overtime Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Overtime Collective Members.

<u>**SECOND CAUSE OF ACTION**</u>**:**
**FLSA – COLLECTIVE ACTION FOR UNPAID MINIMUM WAGES**

75.     All of the preceding paragraphs are realleged as if fully rewritten herein.

76.     This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Minimum Wage Collective.

77. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Minimum Wage Collective.

78. The FLSA requires that employees receive wages at the minimum rate of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1).

79. During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Minimum Wage Collective Members were non-exempt, hourly employees.

80. During all time relevant, Defendants violated the FLSA when they failed to pay Named Plaintiff and the FLSA Minimum Wage Collective Members the federal minimum wage for all hours worked in certain workweeks as a result of taking unlawful deductions.

81. The exact total amount of compensation that Defendants have failed to pay Named Plaintiff and the FLSA Minimum Wage Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

82. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Minimum Wage Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Minimum Wage Collective Members.

### THIRD CAUSE OF ACTION:
### O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

83. All of the preceding paragraphs are realleged as if fully rewritten herein.

84. This claim is brought under the Ohio Wage Act.

85. Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Wage Act.

86. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

87. Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members worked in excess of the maximum weekly hours permitted under the Ohio Wage Act but were not paid the required overtime wages for all of such time spent working because Defendants did not fully and properly calculate their regular rates of pay for purposes of calculating their overtime rate of pay.

88. Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members worked in excess of the maximum weekly hours permitted under the Ohio Wage Act but were not paid the required overtime wages for all of such time spent working because Defendants applied deductions in workweeks that they performed overtime work.

89. Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members were not exempt from the wage protections of Ohio Law.

90. Defendants' repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members were violations of the Ohio Wage Act, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members were entitled.

91.     For Defendants' violations of the Ohio Wage Act, by which Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Ohio Rule 23 Overtime Subclass Members.

**FOURTH CAUSE OF ACTION:**
**RULE 23 CLASS ACTION FOR MINIMUM WAGE VIOLATIONS – OHIO CONSTITUTION, ARTICLE II, §34a**

92.     All of the preceding paragraphs are realleged as if fully rewritten herein.

93.     This claim is brought as part of a class action by Named Plaintiff on behalf of herself and the Ohio Rule 23 Minimum Wage Subclass.

94.     The Ohio Constitution requires that employees receive at wages at a minimum rate that varies on a year-to-year basis.[3]

95.     During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members were non-exempt, hourly employees.

96.     At times during her employment, Named Plaintiff's and the Ohio Rule 23 Minimum Wage Subclass Members' compensation did not meet or exceed the Ohio minimum wage rate for all hours worked in the respective workweeks.

97.     Defendants violated the Ohio Constitution, Article II, §34a when they failed to pay Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members the Ohio minimum wage.

---

[3] For 2018, Ohio's minimum wage was $8.30 per hour. For 2019, Ohio's minimum wage was $8.55 per hour. For 2020, Ohio minimum wage is $8.70 per hour. For 2021, Ohio minimum wage is $8.80 per hour.

98. The exact total amount of compensation that Defendants have failed to pay Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

99. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid minimum wages, an additional two times unpaid wages in damages under Section 34a, costs, attorneys' fees, and all other remedies available on behalf of herself and the Ohio Rule 23 Minimum Wage Subclass Members.

### FIFTH CAUSE OF ACTION:
### O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

100. All of the preceding paragraphs are realleged as if fully rewritten herein.

101. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendants.

102. During all relevant times, Defendants were entities covered by the OPPA and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

103. The OPPA requires Defendants to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

104. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rate of pay or their earned minimum wages, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

105.     Named Plaintiff and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

106.     In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, as to Counts I through V, Named Plaintiff requests judgment against Defendants for an Order:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Overtime Collective and FLSA Minimum Wage Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.     Certifying the proposed Ohio Rule 23 Class under the Ohio Constitution and the Ohio Wage Act;

D.     Finding Defendants failed to keep accurate records in accordance with the Ohio Wage Act and that as a result, Named Plaintiff, the FLSA Overtime Collective Members, the FLSA Overtime Minimum Wage Members, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E.     Awarding to Named Plaintiff, the FLSA Overtime Collective Members, and the FLSA Overtime Minimum Wage Members unpaid overtime and minimum wages to be determined at trial together with any liquidated damages allowed by the FLSA;

F.      Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime and minimum wages to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act and the Ohio Constitution;

G.      Awarding to Named Plaintiff and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

H.      Awarding Named Plaintiff, the FLSA Overtime Collective Members, the FLSA Overtime Minimum Wage Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I.       Awarding Named Plaintiff, the FLSA Overtime Collective Members, the FLSA Overtime Minimum Wage Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

J.       Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K.      Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964

Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*

## **JURY DEMAND**

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman