IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE KORDIE, on behalf of herself and others similarly situated, *et al.*, | : | CASE NO.: 21cv-3791 |
| *Plaintiffs*, | : | JUDGE MORRISON |
| v. | : | MAGISTRATE JUDGE VASCURA |
| OHIO LIVING, *et al.*, | : | |
| *Defendants*. | | |

## **OPINION & ORDER**

Named Plaintiff Nicole Kordie brings this unpaid overtime suit primarily as a collective action under the Fair Labor Standards Act, 29 U.S.C. § § 201, *et seq.*, as amended ("FLSA"), and as a Rule 23 class action under Ohio's wage and hour laws. (ECF No. 1.) The matter is before the Court for consideration of Plaintiff's Pre-Discovery Motion for Conditional Class Certification and Court-Authorized Notice. (ECF No. 19.) Defendants Ohio Living and Ohio Living Communities (collectively, "Defendants") oppose the Motion (ECF No. 24), and Ms. Kordie has replied. (ECF No. 27.) Being fully advised, the Court **GRANTS** the Motion (ECF No. 19.)

I.    BACKGROUND

The following facts are drawn from Ms. Kordie's Complaint (ECF No. 1) and the declarations filed in support of her Motion. (ECF Nos. 19-2, 20.)

1

Defendants employed Ms. Kordie as an hourly, non-exempt resident aide from December 2020 to May 2021 in Sidney, Ohio. (ECF No. 1, ¶ ¶ 5-6.) She alleges that although she regularly worked more than 40 hours per week, Defendants underpaid her due to their willful failure to include non-discretionary bonuses in, and their unlawful deductions for training from, her regular rate of pay. *Id.*, ¶ ¶ 6-8, 33-37. Ms. Kordie is aware that other employees of Defendants were subject to the same company-wide pay policies and practices. *Id.*, ¶ ¶ 9, 37, 41. Ms. Kordie supports her allegations with her declaration, as well as the declarations of Michelle Trammell and Clematis White.

Ms. Trammell worked for Defendants in 2019 as a hourly, non-exempt certified nursing assistant in Columbus, Ohio. (ECF No. 19-2, ¶ ¶ 1, 4-5.) She worked more than forty hours per week at least once during her employment and she received bonuses from Defendants which were not included in her base rate of pay. *Id.* ¶ ¶ 6, 10. During her tenure, she interacted with other hourly employees on a regular basis who received non-discretionary bonuses that were not included in their respective base rates of pay and who saw their pay deducted for training. *Id.* ¶ ¶ 7, 10-19. Those interactions gave her personal knowledge of Defendants' company-wide pay policies and procedures for bonuses and training. *Id.*, ¶ ¶ 12, 15, 19. She stated those policies and procedures resulted in hourly employees being underpaid for work performed. *Id.* ¶ ¶ 14, 18.

Ms. White worked for Defendants from 1998 until July 2019 as a state tested nursing assistant in Cortland, Ohio. (ECF No. 20-1, ¶ ¶ 1, 5.) She, too, worked more

than forty hours a week at least once during her employment and received bonuses from Defendants that were not included in her base rate of pay. *Id.*, ¶ 6. 12. She worked with other hourly employees who likewise saw bonuses excluded from their hourly rates. *Id.*, 12. She avers this was Defendants' company-wide policy. *Id.*, ¶ 14.

Ms. Kordie's June 2021 Complaint seeks collective and class certification under federal and state wage laws. (ECF No. 1.) Defendants deny all claims. (ECF No. 11.)

## II. STANDARD OF REVIEW

The FLSA requires employers to pay their employees "a wage consistent with the minimum wage . . . and instructs employers to pay employees overtime compensation, which must be no less than one-and-one-half times the regular rate of pay, if the employee works more than forty hours in a week." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015) (internal citations and quotations omitted). "'Congress passed the FLSA with broad remedial intent' to address 'unfair method[s] of competition in commerce' that cause 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Monroe v. FTS USA, LLC*, 860 F.3d 389, 396 (6th Cir. 2017) (quoting *Keller*, 781 F.3d at 806). To further that goal, § 216(b) provides:

> Any employer who violates the provisions of [29 U.S.C. §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in the preceding sentences may be maintained against any employer

3

> (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of herself or themselves and other employees similarly situated.

"The lead plaintiff bears the burden of showing that the proposed class members are similarly situated to the lead plaintiff." *Casarez v. Producers Serv. Corp.*, No. 2:17-cv-1086, 2018 U.S. Dist. LEXIS 88370, at *4 (S.D. Ohio May 25, 2018) (Sargus, J.).

The Court uses a two-step analysis to determine whether plaintiff meets her burden to establish that she is similarly situated to the putative collective action members. *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (Marbley, J.). The first step, conditional certification, is conducted at the beginning of the discovery process. In keeping with the FLSA's remedial purpose, "the standard at the first step is 'fairly lenient . . . and typically results in conditional certification of a representative class.'" *Id.* (quoting *Comer v. Walmart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006)). As a result, "the plaintiffs need only make a 'modest factual showing' that they are similarly situated to proposed class members." *Id.* (quoting *Comer*, 454 F.3d at 547).

Neither the FLSA nor the Sixth Circuit define "similarly situated." *Id.* (citing *O'Brien*, 575 F.3d 567, 584 (6th Cir. 2009), abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016)). But the Sixth Circuit finds employees similarly situated if they "suffer from a single, FLSA-violating policy" or their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Ford v. Carnegie Mgmt. Servs.*, No. 2:16-cv-18. 2016 U.S. Dist. LEXIS

4

62276 at *5 (S.D. Ohio, May 11, 2016) (Jolson, M.J.) (citing *O'Brien*, 575 F.3d at 585). Courts generally consider "'whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread . . . plan was submitted.'" *Smyers v. Ohio Mulch Supply, Inc.*, No. 2:17-cv-1110, 2019 U.S. Dist. LEXIS 1815, at *5 (S.D. Ohio Jan. 4, 2019) (Marbley, J.) (quoting *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio Sept. 4, 2014)). However, the named plaintiff need not show a "unified policy" of violations, *O'Brien*, 575 F.3d at 584, or that her position is identical to those of other putative class members, *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011) (Marbley, J.) (citing *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Further, courts "do[] not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility" when considering conditional certification. *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). If conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell v. World Wide Business Servs. Corp.*, No. 2:14-cv-27, 2015 U.S. Dist. LEXIS 148191, at *4 (S.D. Ohio Nov. 2, 2015) (Deavers, M.J.).

The second step, final certification, is conducted after discovery concludes. At that point, the Court "examine[s] more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. The court "has much more information on which to base its decision of whether the

5

proposed plaintiffs are similarly situated. . . ." *Smyers,* 2019 U.S. Dist. LEXIS 1815, at *3. Consequently, a much "stricter standard" is employed for final certification. *Comer*, 454 F.3d at 547.

### III. ANALYSIS

#### A. Similarly Situated

Ms. Kordie alleges Defendants' pay policies and procedures involving bonuses and training violate the FLSA and parallel Ohio statutes. (ECF No. 1.) She also alleges that those policies and procedures harmed two collective classes of Defendants' employees. *Id*. The FLSA provides for collective action under § 216(b), which states in part:

> Any employer who violates the provisions of [29 U.S.C. §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . .An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of herself or themselves and other employees similarly situated.

Ms. Kordie seeks § 216(b) certification of the following classes:

- Overtime Collective

    All current and former hourly healthcare employees who worked at least forty (40) hours in any workweek and (1) received additional renumeration; or (2) had deductions applied in workweeks during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.

- Minimum Wage Collective

    All current and former hourly healthcare employees who had deductions applied to their pay during the three (3) years preceding the filing of the Complaint and continuing through the final disposition of this case.

(ECF No. 19, PageID 72-73.)

Ms. Kordie satisfies her modest burden under the fairly lenient standard at the conditional certification stage. She identifies a class of hourly healthcare employees and states under penalty of perjury that these employees were subject to company-wide policies that artificially deflated their compensation. (ECF No. 19-2.)

Defendants raise three arguments in opposition to that determination. Each is unsuccessful. First, Defendants offer the declarations of Jennifer Howell and Melissa Kromer to show that Ms. Kordie, the declarants, and opt-in plaintiffs are subject to different payroll policies such that there is no "single widespread plan or policy" at issue. (ECF No. 24, PageID 123-26; ECF No. 24-1; ECF No. 24-2.) But the Court does not "resolve factual disputes" at this stage. *Cowan v. Nationwide Mut. Ins. Co.*, No. 2:19-cv-1225, 2019 U.S. Dist. LEXIS 164312, *18 (S.D. Ohio 2019) (Morrison, J.) (quotations omitted); *see also Hamm v. Southern Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 876 (S.D. Ohio 2017) (Black, J.) (explaining that "the Court is not permitted to weigh the parties' competing evidence at this juncture"). And, it is enough that Ms. Kordie and the declarants assert common theories of liability.

Second, Defendants argue the declarations of Ms. Trammell and Ms. White cannot be considered because their claims would be time-barred. (ECF No. 24, PageID 126-27.) Yet, the Court does not resolve limitations arguments at this point

7

in the litigation. Instead, they become relevant at the decertification stage. *See Baughman v. KTH Parts Indus.*, No. 3:19-cv-0008, 2021 U.S. Dist. LEXIS 153480, at *9-10 (S.D. Ohio Aug. 16, 2021) (Rice, J.).

Third, Defendants argue that after Ms. Kordie's Complaint was filed, they corrected the error causing bonuses for picking up shifts to be excluded from hourly pay calculations. (ECF No. 24, PageID 128.) They may have. But again, that has no impact on the present determination of whether Ms. Kordie is similarly situated to proposed collective members.

In sum, the Court determines that Ms. Kordie sustains her modest burden of establishing that she is similarly situated to the proposed members of the collectives. The following classes are hereby conditionally certified as FLSA collectives under § 216(b):

- Overtime Collective

    All current and former hourly healthcare employees who worked at least forty (40) hours in any workweek and (1) received additional renumeration; or (2) had deductions applied in workweeks during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.

- Minimum Wage Collective

    All current and former hourly healthcare employees who had deductions applied to their pay during the three (3) years preceding the filing of the Complaint and continuing through the final disposition of this case.

### B. Lookback Period

As noted above, Ms. Kordie alleges Defendants willfully violated the FLSA. (ECF No. 1.) Willful violations permit a three-year limitations period instead of the

8

normal two. 29 U.S.C. § 255(a); *see also Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002). A FLSA violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Defendants urge the Court to apply a two-year limitation here "given the dearth of evidence supporting a claim of willfulness." (ECF No. 24, PageID 129.) The Court declines because whether Defendants' alleged FLSA violations are "willful" is a question better suited for a later stage of the litigation when discovery has occurred. *See Smith v. Generations Healthcare Servs. LLC*, No. 2:16-CV-807, 2017 U.S. Dist. LEXIS 106583, at *16-17 (S.D. Ohio July 11, 2017) (Marbley, J.).  As such, the Court will apply a three-year limitations period for purposes of notice. *See Stanley v. Turner Oil & Gas Props.*, No. 2:16-cv-386, 2017 WL 127481, at *9 (S.D. Ohio Jan. 13, 2017) (Graham, J.) (using three-year limitations period for willful violations at notice stage).

### C. Notice

#### 1. Form

Conditional certification under the FLSA "does not produce a class with an independent legal status, or join additional parties to the action." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Rather, it "simply allows the sending of court-approved written notice to employees who must then affirmatively opt in to the litigation." *Taylor v. Pilot Corp.*, 697 F.App'x 854, 860

9

(6th Cir. 2017) (citation omitted). As such, "[o]nce a court determines that plaintiffs have met their burden for initial class certification, the court may grant court-authorized notice informing potential plaintiffs of their opportunity to opt into the lawsuit." *Kucker v. Petco Animal Supplies Stores, Inc.*, No. 14-cv-9983 (DF), 2016 U.S. Dist. LEXIS 6416, at *26-27 (S.D. N.Y. Jan. 19, 2016) (citation omitted).

"[C]ourt-supervised notice is the preferred method for managing the notification process for several reasons: it avoids 'multiplicity of duplicative suits;' it allows the court to set deadlines to advance the disposition of an action; it furthers the 'wisdom and necessity for early judicial intervention' in multi-party actions; and it protects plaintiffs' claims from expiring under the statute of limitations." *Lynch v. United Servs. Auto. Assn.*, 491 F.Supp.2d 357, 367 (S.D. N.Y. 2007) (quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 171-72 (1989)). Once conditional certification is granted, sending notice as soon as possible is important in a FLSA collective action because the statute of limitations continues to run until individuals affirmatively opt-in to the action. *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842, 845 (S.D. Ohio 2013) (Marbley, J.). Court-authorized notice of a collective action under the FLSA must be "timely, accurate, and informative." *Id.* at 172.

Ms. Kordie seeks approval of her proposed Notice and Consent to Join Form which are attached as an exhibit to her Motion. (ECF No. 19-1.) The Notice contains basic information about the lawsuit, who may opt-in to the lawsuit, and the timing and manner in which to do so. *Id.* The Consent Form states that the signatory

10

consents to be a party plaintiff in the collective action and agrees to be represented by the law firm of Coffman Legal, LLC. *Id*. The Consent Form also specifies that the signatory understands that he or she will be bound by any settlement reached or judgment entered in the matter. *Id*. Defendants object only to the proposed ninety day deadline to return the Consent Form, suggesting a forty-five day deadline instead. (ECF No. 24, PageID 130-31.)

The Court finds the proposed Notice to be timely, accurate, and informative and determines a forty-five day deadline is reasonable. *See Snelling v. ATC Healthcare Servs.*, No. 2:11-CV-00983, 2013 U.S. Dist. LEXIS 49105, at *15 (S.D. Ohio Apr. 4, 2013) (Sargus, J.) (ordering 45-day deadline). The Notice and Consent to Join Form are approved with the forty-five day limitation modification.

### 2. Recipients

Repeating their dissimilarity and timeliness arguments, Defendants seek to limit distribution of the Notice to skilled nursing employees who worked at the same location as Ms. Kordie, who received bonuses after 2019, and/or who had the cost of training courses deducted from their paychecks. (ECF No. 24, PageID 131-32.) Defendants' request is denied because it relies upon allegations of factual disputes that are not now properly before the Court.

### 3. Methods of Delivery

Ms. Kordie seeks to send the Notice and Consent Form to putative collective members via U.S. mail and e-mail. (ECF No. 19.) Defendants do not object to those

forms of delivery. (ECF No. 24.) The Court therefore directs Ms. Kordie to utilize both methods of distribution for the Notice and Consent to Join Form.

### D. Roster

Ms. Kordie requests an order requiring Defendants to produce an electronic and importable roster of current and former employees fitting the definitions of the collectives within fourteen days of this Order to include names, dates of employment, positions of employment, locations of employment, last known mailing addresses, and last known e-mail addresses. (ECF No. 19.) Defendants neither object to this request nor indicate that they are unable to provide the requested information within fourteen days.

Accordingly, the Court orders Defendants to produce the names, dates of employment, positions of employment, last known mailing addresses, and last known e-mail addresses of the putative class members to Plaintiffs' counsel in an electronic and importable format within fourteen days of this Order.

## V. CONCLUSION

Plaintiff's Pre-Discovery Motion for Conditional Certification and Court-Authorized Notice (ECF No. 19) is **GRANTED**. The Court hereby conditionally certifies the following classes:

- Overtime Collective

    All current and former hourly healthcare employees who worked at least forty (40) hours in any workweek and (1) received additional renumeration; or (2) had deductions applied in workweeks during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.

- Minimum Wage Collective

  All current and former hourly healthcare employees who had deductions applied to their pay during the three (3) years preceding the filing of the Complaint and continuing through the final disposition of this case.

Defendants are **ORDERED** to provide Plaintiff's counsel, within fourteen days of this Opinion & Order, a roster of all potential opt-in plaintiffs that includes their names, dates of employment, positions of employment, last known mailing addresses, and last known e-mail addresses.

The Notice and Consent to Join Form shall be sent to the potential opt-in plaintiffs within fourteen days of receipt of the roster using their home and e-mail addresses. The Consent to Join form shall specify a forty-five day response deadline.

**IT IS SO ORDERED**.

/s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**